# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

Johnny Jones,

    Plaintiff

v.

Rivera, et al.,

    Defendants

Case No.: 2:21-cv-01232-JAD-VCF

**Order Denying Motions and Dismissing and Closing Case**

[ECF Nos. 1-2, 7]

    Plaintiff Johnny Jones brings this civil-rights case under § 1983 for events he alleges occurred during his incarceration at High Desert State Prison.[1] On July 9, 2021, the Magistrate Judge ordered plaintiff to file an application to proceed *in forma pauperis* or pay the $402 filing fee by September 7, 2021.[2] Jones appealed the order, and his appeal was dismissed.[3] On October 15, 2021, the magistrate judge gave Jones a final extension until November 17, 2021, to file an application to proceed *in forma pauperis* or pay the $402 filing fee.[4] The deadline has passed, and Jones has not filed an application to proceed *in forma pauperis*, paid the $402 filing fee, or otherwise responded to the magistrate judge's order.

    District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case.[5] A court may dismiss an action with prejudice based on a party's failure to prosecute an action,

---

[1] ECF No. 1-1 (complaint).
[2] ECF No. 5.
[3] ECF No. 11.
[4] ECF No. 13 (order).
[5] *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).

failure to obey a court order, or failure to comply with local rules.[6] In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.[7]

I find that the first two factors—the public's interest in expeditiously resolving the litigation and the court's interest in managing the docket—weigh in favor of dismissing this case. The risk-of-prejudice factor also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action.[8] The fourth factor is greatly outweighed by the factors in favor of dismissal, and a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the consideration-of-alternatives requirement.[9] Jones was warned that his case would be subject to dismissal without prejudice if he failed to file an application to proceed *in forma pauperis* or pay the $402 filing fee by November 17, 2021.[10] So, Jones had adequate warning that his failure to file an application to proceed *in forma pauperis* or pay the $402 filing fee by the deadline would result in this case's dismissal.

Accordingly, IT IS HEREBY ORDERED that **this action is DISMISSED** without prejudice based on Jones's failure to file an application to proceed *in forma pauperis* or pay the $402 filing fee in compliance with the Magistrate Judge's October 15, 2021, order; and

---

[6] *See Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order).

[7] *Malone*, 833 F.2d at 130.

[8] *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).

[9] *Malone*, 833 F.2d at 132–33.

[10] ECF No.13 (order).

Jones's motions for a preliminary injunction and temporary restraining order **[ECF Nos. 1-2, 7] are DENIED** as moot; and

The Clerk of Court is directed to ENTER JUDGMENT accordingly and CLOSE THIS CASE.

DATED: November 24, 2021

_____
U.S. District Judge Jennifer A. Dorsey